IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM G. HINTON, #2594354, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:26-cv-1116-X (BT) |
| SHERIFF MARION BROWN, ET AL., | § § § | |
| Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff and Texas prisoner William Glen Hinton filed a prisoner civil rights suit against Dallas County Sheriff Marion Brown and an unidentified "Parkland Health Site Manager" stemming from the alleged confiscation of money from Plaintiff's inmate trust account at the Dallas County Jail. *See* Compl. at 4-5. According to Plaintiff, the Dallas County Jail Handbook provides that inmates will be charged $10.00 for "requests" to the "medical/dental/or psyche" departments. *Id.* at 5. He alleges that he was charged several times throughout 2025 for requests to these departments that he did not make, and on at least one occasion he was overcharged for a request that he did make. *Id.* He complains that a "Parkland Health Site Manager" sent three nurses to investigate the charges, but Plaintiff's money was never returned. *Id.* He seeks compensatory damages. *See id.* at 6.

But, as explained, the Prison Litigation Reform Act's (PLRA) physical injury requirement bars Plaintiff's request for compensatory damages without any allegation of a physical injury. And Plaintiff has no cause of action under 42 U.S.C. § 1983 related to the loss or confiscation of his property in any event. So the District Judge should dismiss this case with prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2).

**Legal Standards and Analysis**

Plaintiff's pleadings are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Plaintiff's Complaint is also subject to judicial screening under 28 U.S.C. § 1915(e), under which a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp.*

2

*v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

    1.  <u>Plaintiff is not entitled to compensatory damages under the PLRA's Physical Injury Requirement</u>.

Plaintiff complains that money was improperly deducted from his prison trust account and never returned to him. Compl. at 5. He seeks "mental anguish damages and cruel and unusual punishment and treatment damages" to compensate him for his lost property. *Id.* at 6-7.

But Plaintiff does not allege that the Defendants caused any physical injury. And pursuant to 42 U.S.C. § 1997e(e), an inmate is not entitled to compensatory damages for mental anguish or emotional injury without a showing of physical injury. So Plaintiff is not entitled to compensatory damages—the only relief that he seeks—and he fails to state claim.

    2.  <u>Plaintiff's allegations do not state a claim under 42 U.S.C. § 1983.</u>

Even setting aside the PLRA's Physical Injury Requirement, Plaintiff's allegations—liberally construed as seeking to state a due process claim for lost property under 42 U.S.C. § 1983—are not cognizable in this Circuit.

"In general, a state actor's random and unauthorized deprivation of a prisoner's property, whether negligent or intentional, does not result in a violation

of due process rights if the state provides an adequate post-deprivation remedy." *Brewster v. Dretke*, 2008 WL 11435602, at \*2 (S.D. Tex. June 20, 2008) (citing *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995) (further citations omitted). The Fifth Circuit has recognized that Texas law provides an adequate remedy for both intentional and negligent deprivations of property. *Id.* (citing *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)).  So in Texas, "[a]n inmate's allegation that his personal property was lost, confiscated, or damaged does not state a claim under 42 U.S.C. § 1983, even when prison officials acted intentionally." *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (citing *Hudson v. Palmer*, 468 U.S. 517 (1984); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)).

Accordingly, if the Defendants negligently withdrew Plaintiff's funds, such negligence is not actionable under § 1983 and must instead be pursued through a state-law tort action. *See*, *e.g.*, *Williams v. Caudillo*, 2022 WL 16935655, at \*9 (N.D. Tex. Feb. 28, 2022) (Bryant, J.), *rec. accepted* 2022 WL 16935246 (N.D. Tex. Nov. 14, 2022) (Cummings, J.) (citing *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988)) ("The Due Process Clause is not implicated by a state official's negligent act causing unintended loss of property.") (citing, in turn, *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984)). And similarly, if the Defendants intentionally stole his funds, Plaintiff's remedy would be a state-law conversion action, not a constitutional claim. *See*, *e.g.*, *Williams*, 2022 WL 16935655, at \*9 (citing *Hudson*, 468 U.S. at 533; *Stauffer*, 741 F.3d at 583); *see also Armendariz v. Chief of Police, Odessa Police Dep't.*, 478 Fed. App'x 792, 793 (5th Cir. 2010)

4

(per curiam) (noting that Texas prisoner's claim based upon the seizure and conversion of his property is "not actionable under § 1983").[1]

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768.

Here, Plaintiff's claims are not cognizable under § 1983, and no amendment would change that. Because any amendment would be futile, Plaintiff's Complaint should be dismissed with prejudice and without leave to amend. *In re Sherwin Alumina Co.*, 952 F.3d 229, 236 (5th Cir. 2019) (noting that court need not grant the plaintiff leave to amend where amendment would be futile).

## Recommendation

The Court should dismiss Plaintiff's case with prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED** on April 16, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] It is unclear what role the "Parkland Health Site Manager" played in this case. If Plaintiff suggests that the Manager is liable for negligently failing to stop the confiscation of his funds, this claim is not cognizable. "Plaintiff can bring no 1983 cause of action for negligence by any Defendant in failing to stop an illegal action." *Smith v. Texas*, 2011 WL 2883402, at *3 (N.D. Tex. July 15, 2011) (Robinson, J.).

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).